IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHANIE PEREZ | § | |
| | § | |
| VS. | § | CA No. _____ |
| | § | |
| THE LINCOLN NATIONAL | § | |
| INSURANCE COMPANY | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

STEPHANIE PEREZ, Plaintiff, files this Original Complaint asserting causes of action in law and equity for relief against The Lincoln National Insurance Company, Defendant.

## I.
## PARTIES

1. Plaintiff, Stephanie Perez ("Perez") is a resident citizen of Cypress, Texas.

2. Defendant, The Lincoln National Insurance Company("Lincoln National"), is a domestic or foreign insurance company licensed to do business and doing business in the state of Texas, and can be served with process by serving its registered agent, Corporation Service Company, 211 East 7th St., Suite 620, Austin, TX 78701, or wherever it may be found.

## II.
## JURISDICTION AND VENUE

3. This action against Lincoln National arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq*. This Court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e)(1).

1

4. Venue is proper in this District and Division pursuant to 29 U.S.C. §1132(e)(2) because Lincoln National maintains business activity in and may be found in this district.

5. Pursuant to 29 U.S.C. §1132(h), this Complaint has been served upon the Secretary of Labor, Pension and Welfare Benefits Administration, at 200 Constitution Avenue N.W., Washington, D.C. 20210 and the Secretary of the Treasury at 111 Constitution Avenue N.W., Washington, D.C. 20024, by certified mail return receipt requested.

### III.
### STATEMENT OF FACTS

6. Stephanie Perez was hired by Gulf Interstate Engineering Co. ("GIE") in August 2012 as a recruiter. As a full time employee, Ms. Perez was enrolled in GIE's employee welfare benefit Plan that included benefits for short term disability (STD) and long term disability (LTD).

7. GIE's STD and LTD Plan was part of the company's Group Insurance Policy issued by Lincoln National. The STD Policy Number was 00001014324700000 (the "Policy"). The Policy provided income protection if the covered employee became disabled as a result of injury or sickness. Ms. Perez was an eligible employee.

8. GIE was the Plan Sponsor and Plan Administrator.

9. Lincoln National was the Insurer and Claims Administrator for the STD and LTD Plan.

10. For years, Ms. Perez had dealt with severe fatigue, body aches, joint and muscle pain, sleep disturbances, forgetfulness, balance problems, and frequent headaches. She was eventually diagnosed with, among other things, fibromyalgia and chronic fatigue

syndrome. These conditions did not prevent Ms. Perez from applying for and getting a job with GIE.

11. However, her condition worsened with time. In December 2013, neurocognitive test showed that Ms. Perez had significant problems with her composite memory, verbal memory, and psychomotor speed. These deficits caused her occupational difficulties at work and made it difficult for her to recall instructions, learn new information, and remember to take medication.

12. By February 2014, Ms. Perez could no longer work. She promptly applied for STD benefits.

13. Lincoln National's policy provided a maximum of eleven weeks of STD benefits for Class III employees like Ms. Perez. Her last day of eligibility for STD benefits was May 15, 2014. Her first day of eligibility for LTD benefits was May 16, 2014.

14. Lincoln National's policy also provided that after the expiration of STD benefits, Lincoln National would automatically review a claimant's file to determine eligibility for LTD benefits.

15. On April 30, 2014, Lincoln National denied Ms. Perez's STD claim, concluding that she "had the same diagnosis since 2006 but you kept working". It also summarily concluded that her pain level was "not severe".

16. On September 2, 2014, Dr. Patricia Salvato determined that Ms. Perez was totally disabled from any gainful occupation.

17. Ms. Perez underwent a neuropsychological examination with Dr. Larry Pollock on September 18, 2014. Dr. Pollock determined that she suffered from severe

neuropsychological impairments that made it difficult for her to problem solve, plan, and organize. He concluded that Ms. Perez was unable to work and that "her prognosis is poor".

18. On October 27, 2014, Ms. Perez appealed Lincoln National's denial of her claim. She provided additional evidence and medical records supporting her STD claim.

19. On January 9, 2015, Ms. Perez submitted additional medical evidence supporting both her STD and LTD claims.

20. On January 30, 2015, Lincoln National denied Ms. Perez's appeal. In doing so, it concluded that "fibromyalgia is not a life threatening condition" and did not restrict her from performing a sedentary occupation.

21. Lincoln National's STD and LTD policies did not define disability as a "life threatening condition".

22. On July 27, 2015, Ms. Perez submitted a second appeal within the policy's deadline to file a second appeal. She also requested an updated copy of her claim file from December 2014 to the present.

23. In November 2015, the Social Security Administration approved Ms. Perez's claim for Social Security Disability Income ("SSDI") benefits. It also approved benefits for both of her children. She promptly notified Lincoln National of the approved claims.

24. On March 14, 2017, Lincoln National advised Ms. Perez in a telephone conference that it did not consider her July 25, 2017 letter to be a second appeal.  It also refused to provide any written confirmation of a denial.

25. On May 9, 2017, Ms. Perez submitted documents evidencing her SSDI decision and

notice of award. She also advised that her July 27, 2015 letter was her second appeal, and again referenced the medical records and evidence she had previously submitted to Lincoln National in support of her STD and LTD claims.

26. If an Administrator fails to act in the time provided by the Plan or the regulations, the claim is deemed denied by operation of law and the plaintiff is free to pursue all legal remedies under ERISA without having to further exhaust administrative remedies. 29 C.F.R. §2560.503-1(l).

27. Lincoln National never provided written documentation denying Ms. Perez's second appeal of her STD claim. Her STD claim has thus been deemed denied.

28. Lincoln National never provided written documentation denying Me. Perez's LTD claim. Her LTD claim has thus been deemed denied.

29. Having exhausted her administrative remedies, Stephanie Perez brings this action to recover the STD and LTD benefits promised in the Policy and the Plan.

## IV.
## CLAIMS & CAUSE OF ACTION

30. Lincoln National is an insurer and provided STD and LTD coverage to Ms. Perez in accordance with the terms of the Policy. That coverage included STD and LTD benefits arising out of her disability.

31. The Policy, as part of the Gulf Interstate Engineering Co. Group Disability Plan, is governed by ERISA. 29 U.S.C. §1001, *et. seq.* Lincoln National is the Claims Administrator and a named fiduciary under the Plan.

32. As a Plan fiduciary, Lincoln National is obligated to handle claims for the benefit of the Plan and Plan beneficiaries, and to deliver the benefits promised in the Plan. It

is also obligated as a fiduciary to conduct its investigation of a claim in a fair, objective and evenhanded manner.

33. Lincoln National's adjustment or "adjudication" of the Perez claim was instead biased and outcome oriented. This was in part reflected by its denial of the Perez claim, even after being presented with evidence of her ongoing disability. It was also reflected in Lincoln National's unreasonable reliance on reviewers who lacked the training, education, and experience to objectively review her claim.

34. Lincoln National's interpretation of the Policy and the terms of the Policy was not legally correct. It was also contrary to a plain reading of the Policy language.

35. Lincoln National's interpretation of the Policy and Policy language was contrary to that of the average Plan participant and policyholder. It was contrary to the common and ordinary usage of the Policy terms. Alternatively, the Policy language upon which Lincoln National based its denial decision was ambiguous. The ambiguous nature of those terms require those terms be construed against Lincoln National and in favor of coverage for the beneficiary.

36. Lincoln National's denial was made without substantial supporting evidence. Its decision to deny the Perez claim was instead based upon rank speculation and guesswork. Lincoln National's denial decision was *de novo* wrong. Alternatively, it was arbitrary and capricious.

37. On information and belief, Lincoln National's denial of the Perez claim was not the result of a honest, fair, or objective factual investigation. It was instead motivated by Lincoln National's desire for financial gain, evidenced by policies, procedures, and practices to profit from the delay in payment or denial of claims. It may also be found

in various incentive programs for claims and claims management personnel and in various management directives. Its financial gain is also reflected in the high ROE Lincoln National gains from retained benefit funds.

38. At all material times, Lincoln National was acting on behalf of the Plan and in its own capacity as the insurer and Claims Administrator.

39. Lincoln National's denial of the Perez claim breached the terms of the Policy and the Plan. Its breach was in violation of 29 U.S.C. §1132(a)(1), entitling Perez to the STD and LTD policy benefits to which she is entitled, along with pre-judgment interest on the amounts due and unpaid, all for which Ms. Perez now sues.

## V.
## STANDARD OF REVIEW

40. The default standard of review for denial of a benefit claim is *de novo*. Where the Plan or Policy confers discretion on the Claims Administrator, an abuse of discretion standard of review may apply.

41. The Policy may contain a discretionary clause or language Lincoln National may construe as affording it discretion to determine eligibility for benefits, to interpret the terms of the Policy, and determine the facts. Lincoln National's denial under this standard of review, if any, was an abuse of discretion. It was arbitrary and capricious.

42. If discretion applies, the Court should afford Lincoln National less deference in light of its financial conflict of interest. Lincoln National's conflict of interest is both structural and actual. Its structural conflict results from its dual role as the adjudicator of the Perez benefit claims and as the potential payor of those claims.

43. Lincoln National's actual financial conflict is revealed in the policies, practices, and

procedures influencing and motivating claim delays and denials for financial gain. Lincoln National's financial conflict is also revealed in the high ROE gained from the delay in payment or denial of claims.

44. Each of these grounds, on information and belief, was a motive to deny the Perez claim, along with the delay in payment or denial of claims of other Lincoln National policyholders and claimants, including other GIE employees.

45. Lincoln National, in light of its financial conflict, should be accorded little or no discretion in its claims decision.

46. Alternatively, the standard of review of this claim should be *de novo,* affording Lincoln National no discretion in its interpretation of the terms of the Policy and Plan, nor in its factual determinations.

47. Lincoln National never provided written documentation denying Ms. Perez's second appeal of her STD claim.

48. Lincoln National never provided written documentation denying Ms. Perez's LTD claim.

49. The failure of an Administrator to actually exercise discretion granted to it warrants *de novo* review. *Seman v. FMC Corp. Retirement Plan For Hourly Employees*, 334 F.3d 728, 733 (8th Cir. 2003) ("When a plan administrator denies a participant's initial application for benefits and the review panel fails to act on the participant's properly filed appeal, the administrator's decision is subject to judicial review, and the standard of review will be *de novo*").

50. The Policy was delivered in Texas. Accordingly, Texas law applies under the ERISA savings clause. Texas has banned the use of discretionary clauses in insurance

policies issued in this state. TEX. INS. CODE §1701.062; 28 Tex. ADMIN. CODE §3.1202. Accordingly, review of the Perez claim and Lincoln National's claims handling conduct, both in its interpretation of terms of the Policy and the Plan, and in its determination of the facts, should be *de novo*.

## VI.
## REQUEST FOR PREJUDGMENT INTEREST & AN ACCOUNTING

51. Perez requests, in addition to the amount of benefits withheld, prejudgment interest on any such award. She is entitled to prejudgment interest as additional compensation, and pursuant to Texas Insurance Code Texas Insurance Code, Sec. 1103.104, or on principles of equity.

52. Lincoln National's policy does not contain a rate of interest payable on the benefit amount wrongfully withheld. Resort must be had to Sec. 1103.104(c) of the Texas Insurance Code. Perez thus requests an accounting in order to determine the amount earned on the funds that should have rightfully been paid to her, and in accordance with Insurance Code Sec. 1103.104(c).

## VII.
## CLAIM FOR ATTORNEYS FEES & COSTS

53. Perez seeks an award of her reasonable attorneys' fees incurred and to be incurred in the prosecution of this claim for benefits. She is entitled to recover those fees, together with her costs of court, pursuant to 29 U.S.C. §1132(g).

## VIII.
## PRAYER

54. Stephanie Perez, Plaintiff, respectfully prays that upon trial of this matter or other final disposition, this Court find in her favor and against Defendant The Lincoln

National Insurance Company, and issue judgment against Defendant as follows:

a. Pay to Ms. Perez all benefits due and owing in accordance with the terms of the Plan and Policy, as well as all prejudgment interest due thereon and as allowed by law and equitable principles;

b. Pay all reasonable attorney's fees incurred and to be incurred by Ms. Perez in obtaining the relief sought herein, along with the costs associated with the prosecution of this matter;

c. All such other relief, whether at law or in equity, to which Ms. Perez may show herself justly entitled.

Respectfully submitted,

By:_____
James C. Plummer, TBA #16075700
Federal I.D. No. 3692
Amar Raval, TBA #24046682
S.D. No. 619209
Berg Plummer Johnson & Raval LLP
4203 Montrose Blvd., Suite 260
Houston, Texas 77006
(713) 526-0200
(832) 615-2665 (Fax)
Jplummer@bergplummer.com
Araval@bergplummer.com

ATTORNEYS FOR PLAINTIFF